UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA BENEFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-cv-1000 |
| | ) Judge Aleta A. Trauger |
| MSTREET ENTERTAINMENT, LLC; | ) Magistrate Judge Knowles |
| VIRAGO, LLC; and CHRIS HYNDMAN, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM

Pending before the court are two discovery-related motions: 1) the plaintiff's Motion to Exclude Testimony and For Sanctions (Docket No. 74), to which the defendants have filed a Response in Opposition (Docket No. 79), and the plaintiff has filed a Reply (Docket No. 94); and 2) the plaintiff's Objection to Magistrate Judge Knowles' November 17, 2015 Order regarding the plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery (Docket No. 118), to which the defendants have filed an Opposition (Docket No. 120) and the plaintiff has filed a Reply (Docket No. 123). For the reasons discussed herein, the plaintiff's Motion to Exclude Testimony and For Sanctions will be granted in part and denied in part, and the plaintiff's Objection to Magistrate Judge Knowles' November 17, 2015 Order will be sustained.[1]

---

[1] Also pending before the court are two additional motions: 1) the defendants' Motion for Summary Judgment (Docket No. 46) and 2) the plaintiff's Motion to Strike portions of the defendants' summary judgment Reply brief and supporting documentation (Docket No. 71). Decision on these motions will be reserved until after the court fully resolves the plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery (Docket No. 99) and sets the schedule for supplemental briefing on summary judgment, as discussed more fully below.

1

## BACKGROUND AND PROCEDURAL HISTORY

On the afternoon of June 21, 2013, the plaintiff was fired from her position as the Executive Chef of defendant Virago, LLC ("Virago"). Virago is owned and operated by defendant MStreet Entertainment, LLC ("MStreet"), whose Chief Operating Officer is defendant Chris Hyndman. Several hours prior to her termination, the plaintiff sent an email to MStreet's Human Resources director Ryan Watkins, complaining that 1) she had been subject to ongoing sexual harassment and gender discrimination by Mr. Hyndman and 2) she had repeatedly brought these complaints to Eric Martino, the Director of Operations for MStreet, who acted dismissively and did not address her concerns. A primary factual dispute in this action is whether – as the defendants argue – the plaintiff was fired for cause, including an incident of conflict between her and Mr. Hyndman that had taken place the evening before her termination, or – as the plaintiff argues – she was fired in retaliation for sending the email to Mr. Watkins and/or as an end result of the harassment and gender discrimination complained of therein.

On June 27, 2013, the plaintiff filed a charge of discrimination against Virago with the EEOC. (Docket No. 75, Attachment 3.) A Notice of Charge was prepared on July 1, 2013, to be sent to Mr. Watkins' attention and, on August 13, 2013, Virago's response was filed with the EEOC. (*Id.*)

On September 18, 2013, the plaintiff filed the instant action. (Docket No. 1.) She brings claims against Virago and MStreet for gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) and the Tennessee Human Rights Act (Tenn. Code Ann. § 4-21-101, *et seq.*) as well as for retaliatory discharge under the Tennessee Public Protection Act (Tenn. Code Ann. § 50-1-304) and

Tennessee common law. Additionally, the plaintiff brings a claim against Mr. Hyndman for tortious interference with employment under Tennessee common law.

The discovery deadlines in this action were extended several times and, ultimately, discovery closed on May 25, 2015. (Docket No. 44.)

On June 25, 2015, the defendants filed a Motion for Summary Judgment. (Docket No. 46.) Among the many items the defendants filed in support of this motion was a June 23, 2015 Declaration of Kristina Lucia, a former MStreet manager (the "Lucia Declaration"). (Docket No. 52.) On July 31, 2015, the plaintiff filed a Response in opposition to the defendant's Motion for Summary Judgment (Docket No. 63), followed by a number of supporting documents. On August 14, 2015, the defendants filed a Reply in further support of their Motion for Summary Judgment (Docket No. 69) along with an August 14, 2015 Second Declaration of Eric Martino, never previously filed (Docket No. 70). On August, 21, 2015, the plaintiff filed a Motion to Strike, seeking to strike the Second Declaration of Eric Martino and the portions of the defendant's Reply that are related to the facts contained therein. (Docket No. 71.) As an alternative to striking those portions of the defendants' Reply, the plaintiff requested that she be permitted to file a sur-reply addressing the facts contained in the Second Declaration of Eric Martino. (*Id*.)

On August 27, 2015, with the defendants' Motion for Summary Judgment pending, the plaintiff filed a Motion to Exclude Testimony and For Sanctions (Docket No. 74) along with a Memorandum in support (Docket No. 75) and a number of additional supporting documents (Docket Nos. 76-77). Specifically, this motion seeks to 1) prevent the defendants from relying

on the Lucia Declaration to support any motion before the court[2] or from presenting the Lucia Declaration – or any testimony by Ms. Lucia – at trial, based on the plaintiff's allegation that the defendants did not provide the plaintiff with Ms. Lucia's current contact information as required by Federal Rule of Civil Procedure 26(b); and 2) impose sanctions on the defendants for spoliation of electronic evidence, namely text messages stored on the phones of key officers and employees of MStreet, which may have contained content relevant to the matters at issue in this case. The plaintiff seeks a wide range of sanctions, including: 1) that the defendants not be allowed to rely on any text messages produced by the plaintiff to support their defense, 2) the exclusion from consideration at summary judgment of any of the defendants' supporting facts that relate to matters that might have been discussed in the MStreet text messages that were not made available for production to the plaintiff, 3) a jury instruction requiring an adverse inference against the defendants due to spoliation of evidence, and 4) an order requiring the defendants to reimburse the plaintiff for attorney's fees and expenses related to the extraction of text messages from her cellular phone.

With regard to the Lucia Declaration, the parties dispute several key facts, including whether the plaintiff had access to Ms. Lucia's contact information during the discovery period, whether the plaintiff was properly alerted that the defendants intended to use Ms. Lucia's testimony, and whether the plaintiff made the proper inquiries of the defendant regarding both the defendants' use of Ms. Lucia's testimony and how the plaintiff herself could contact Ms. Lucia.

---

[2] The court interprets the plaintiff's argument to request that the court not consider the Lucia Declaration in deciding the defendants' pending Motion for Summary Judgment.

With regard to the plaintiff's allegations of spoliation, there is a great deal of inconsistency in the record – which the court will not discuss at length – regarding what the defendants understood about their duty to preserve text message evidence, what measures they took – if any – to preserve potentially relevant MStreet officer and employee text messages, and at what point in time these text messages became unavailable (and how). It is clear from the record, however, that, on September 23, 2013 – five days after this lawsuit was filed and just three months after the plaintiff was terminated – counsel for the plaintiff sent a letter to then counsel for the defendants requesting preservation of all electronic communication between the plaintiff and the defendants or their employees regarding the matters at issue. (Docket No. 75, Attachment 6.) On October 18, 2013, counsel for the defendants sent a letter to the plaintiff's counsel instructing the plaintiff to not destroy, or otherwise make unavailable, any electronic evidence relevant to the claims in this matter and explicitly included "cell phones" on a list of items from which she should retain "all electronic data in any format."[3] (Docket No. 75, Attachment 7.) A February 17, 2014 email from counsel for the defendants to counsel for the plaintiff references a request by defense counsel for the production of certain of the plaintiff's "text messages and FB posts." (Docket No. 76, Attachment 5, p.6.) On March 13, 2014, counsel for the plaintiff informed counsel for the defendants that the vendor assisting the parties with their electronic discovery would be retrieving text messages from the plaintiff's cellular phone and asked that the defendants "have their text messages retrieved directly from their phones as well." (*Id*. at pp. 4-5.) On April 18, 2013, the defendants' counsel responded to the plaintiff's

---

[3] The plaintiff's counsel's September 23rd letter was sent to Peter Curry, who was apparently representing the defendants at that time. By October 18th, current counsel was on board and representing the defendants.

counsel indicating that text messages from the accounts of MStreet officers and employees would likely be unavailable for the relevant time period surrounding the plaintiff's termination and indicating that they had been unable to preserve these messages. (*Id*. at p. 2.) No text messages were produced by the defendants prior to the close of discovery.

On September 10, 2015, the defendants filed a Response in opposition to the plaintiff's Motion to Exclude Testimony and For Sanctions (Docket No. 79), along with supporting exhibits and declarations (Docket Nos. 80-87.) While, again, the evidence is inconsistent regarding how the defendants approached their obligation to preserve electronic evidence in this matter, particularly with regard to cellular phone data, the defendants do not put forth in their opposition briefing any argument or evidence to suggest that they had a clear mandate in place to preserve the text messages of any MStreet principals or employees for the purposes of this lawsuit. To the contrary, the defendants argue that – due to the nature of text message communications and the cellular devices they are stored on – a requirement to preserve text messages from private cellular phones is unduly burdensome and an invasion of privacy and that they were neither responsible for the preservation, nor culpable in the destruction, of the text messages at issue.

At the same time as they filed their response in opposition to the plaintiff's Motion to Exclude Testimony and For Sanctions, the defendants also realized that they had made an inadvertent error with respect to the availability of certain text messages requested by the plaintiff during discovery. Specifically, on April 3, 2015, counsel for the defendants had informed the plaintiff's counsel that, after working with the vendor to extract data from the devices of the MStreet agents who were the subject of the plaintiff's discovery requests and then reviewing these messages for responsive items, they had been unable to recover any text messages that were within the relevant timeframe or, in fact, anything dated prior to October of

2014. (Docket No. 112, Attachment 9 (Ex. I).)  The defendants later discovered, however, that the vendor had, in fact, recovered text messages from Mr. Martino that dated back to the relevant time frame prior to the plaintiff's termination (the "Martino Messages") but that a paralegal conducting the initial review on behalf of the defense counsel had mistakenly overlooked them. The parties do not dispute that the oversight was unintentional.

It appears from the record that, prior to this event, the parties had engaged in lengthy discovery negotiations, including around the issue of electronic discovery.  It is undisputed that, at some point, the parties agreed to a list of search terms to be used to limit the production of emails by the defendants.  The parties hotly contest, however, whether they had also agreed that these search terms were to be used to limit the defendants' initial production of any recoverable text messages.  This issue was not resolved during discovery, as the parties erroneously believed that no text messages from the relevant time frame were available for production by the defendants.  When the Martino Messages were discovered, however, this dispute came to the fore with respect to the defendants' production of the Martino Messages to the plaintiff.  The defendants – taking the position that the search term agreement *did* apply to text messages and after some back and forth negotiations with the plaintiff – ultimately produced a document containing all of the Martino messages that were between Mr. Martino and either the plaintiff or another MStreet manager (a limitation agreed to by the parties and sorted by the vendor) but with the majority of the information redacted by the defendants; they left visible only the time stamp and sender/receiver for all messages and the content of only those messages that either contained one of the search terms agreed upon by the parties for use in limiting email production or were within the same "string" as one of those search term hits.  It is not clear from the record, however, what is meant by a text message "string."  The defendants have not represented, either

7

to the plaintiff or to the court, that the redacted messages are not relevant to the instant matter; to the contrary, they have stated only that the redacted messages do not contain any of the search terms that the parties agreed to use for the production of email messages in discovery. The court's cursory review of the Martino Messages has revealed that these messages do, in fact, contain discussion of matters related to MStreet and Virago's business operations.

On September 22, 2014, with leave of court, the plaintiff filed a Reply in further support of her Motion to Exclude Testimony and For Sanctions (Docket No. 94) and, on September 23, 2014, the plaintiff filed additional supporting exhibits (Docket Nos. 95-96). On September 29, 2015 – with leave of court – the defendants filed a sur-reply to the plaintiff's Motion to Exclude Testimony and For Sanctions (Docket No. 105), along with additional supporting documents and declarations (Docket Nos. 106-108).

Meanwhile, on September 24, 2015, in light of the discovery of the Martino Messages, the plaintiff filed a Motion to Amend Scheduling Order and Allow Additional Discovery (Docket No. 99) along with supporting exhibits (Docket No. 100). On September 29, 2015, the plaintiff filed additional exhibits in support of the motion. (Docket No. 109.) The motion argued that 1) the plaintiffs had never agreed to limit the production of text messages by the search terms used for emails and, therefore, the defendants' redaction of the Martino Messages produced to the plaintiff failed to comply with the defendants' obligation to produce all relevant text messages and 2) even if the parties had agreed that the defendants' initial production of text messages could be limited by these search terms, had the plaintiff been aware of the existence of the Martino Messages prior to the close of discovery, she would have properly requested follow-up discovery of the redacted material. In this motion, the plaintiff asked the court to order the defendants to produce all text messages recovered by the vendor from the accounts of all

8

MStreet custodians whose devices were searched, with no information redacted, irrespective of time stamp, search term hits, or relevance, as well as to conduct additional follow up discovery – such as depositions – related to evidence uncovered by this production.

On September 30, 2015, the court issued an Order referring the plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery to Magistrate Judge Knowles for disposition. (Docket No. 110.) On October 8, 2015, the defendants filed a Response in opposition to this motion (Docket No. 111) along with supporting exhibits and declarations (Docket Nos. 112-115). In their Response, the defendants articulate their position that the parties had agreed to limit the production of text messages to the above-mentioned search terms and argue they did so because of the private nature of personal text messages. The defendants also argue that the plaintiff's requests for additional discovery are overly broad and not designed to lead to relevant evidence in that they include the production of unredacted versions of messages the plaintiff knew about prior to the close of discovery but had not requested (namely, messages recovered by the vendor from MStreet agents other than Martino that were all dated well past the time of the plaintiff's termination). The defendants' Response also states: "[t]o the extent that this Court finds that additional discovery is necessary, Defendants request that it be strictly and specifically delineated by the Court so as to limit the burden and cost of such additional discovery and to limit the discovery to areas specifically made relevant by the information gained from the Martino text messages." (Docket No. 111, pp.14-15.)

On November 17, 2015, Magistrate Judge Knowles issued in Order granting in part the plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery. (Docket No. 117.) In particular, Magistrate Judge Knowles found that the parties *had* agreed to limit text message production by search terms and that the defendants' production of the redacted Martino

9

Messages was, therefore, in keeping with this agreement.  Accordingly, Magistrate Judge Knowles declined the plaintiff's request to order the production of additional text message information beyond what was already produced but granted the plaintiff's request for additional discovery limited only to allowing the plaintiff to take supplemental depositions of Mr. Martino, Mr. Hyndman, Mr. Watkins, and Ms. Grimsley related to the subjects raised in the Martino Messages between these parties that were already produced.  The court notes that, as a result of this Order, the parties will be given an opportunity to supplement their summary judgment briefing to account for any additional evidence revealed by the Martino Messages or these supplemental depositions.

On December 1, 2015, the plaintiff filed an Objection to Magistrate Judge Knowles' November 17, 2015 Order.  (Docket No. 118.)  In addition to arguing that Magistrate Judge Knowles erred in his finding that the parties had agreed to limit text message production by search terms, the plaintiff also argues that Magistrate Judge Knowles erred by failing to consider whether the additional discovery requests were proper as *new* requests made in light of the initial production.  In particular, the plaintiff argues that, had she had the defendants' production of the redacted Martino Messages prior to the close of discovery, she would have had proper grounds to request an un-redacted version of the Martino Messages as a follow-up discovery request under Rule 26(b)(1).  The plaintiff also states that she is no longer seeking the production of all text messages from the defendants' agents that were recovered by the vendor but now seeks only the unredacted versions of the Martino Messages already produced, communications between

counsel for the defendants and the vendor who extracted these messages, and any additional follow-up discovery warranted by this production.[4]

On December 7, 2015, the defendants filed an Opposition to the plaintiff's Objection. (Docket No. 120.) The defendants argue that the court should not consider the relevance, under Rule 26, of the plaintiff's request for additional discovery because there is no motion to compel currently before the court. The defendants also argue that the rationale for limiting the production of text messages has always been about privacy concerns and not about the volume of the messages or the burden to the defendants to produce them all.

On December 11, 2015, the plaintiff – with leave of court – filed a Reply in further support of her Objection. (Docket No. 123.)

## ANALYSIS

### I. Motion to Exclude and For Sanctions

The plaintiff is essentially asking this court to impose sanctions on the defendants for violating discovery procedures under Rule 26, including the failure to disclose Ms. Lucia's contact information and to preserve their agents' text messages. Under Rule 37: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition, the court . . . may impose other appropriate sanctions. . . ." The district court retains discretion to fashion a remedy for Rule 26 violations. *See Roberts ex rel. Johnson v. Galen of Va, Inc.*, 325 F.3d 776,

---

[4] The plaintiff indicates that she had already limited her request in this manner at the time the motion was before Magistrate Judge Knowles, but the court is unable to locate any such limitation in the first round of briefing on this issue. In any event, the court will consider the plaintiff's Objection only as to Magistrate Judge Knowles' denial of this more narrow request.

784 (6th Cir 2003). The Sixth Circuit has also held that "a federal court's powers include broad discretion to craft proper sanctions for spoliated evidence." *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009).

   *A. The Plaintiff's Request to Exclude The Lucia Declaration*

   The record contains disputes of fact as to whether the defendants' failure to provide the plaintiff with contact information for Ms. Lucia was misconduct on the part of the defendants or was simply a miscommunication between the parties. The court finds that there is simply not sufficient evidence for a finding that the oversight was not justified warranting automatic exclusion of the Lucia Declaration. Moreover, the court finds that the plaintiff's inability to gather evidence from Ms. Lucia to date is harmless, so long as the plaintiff is provided with an opportunity to obtain this evidence prior to the court's consideration of the dispositive motions in this matter. This will also allow the court to consider as much relevant evidence as possible at summary judgment and will provide an outcome based on the facts rather than having the facts obscured by procedure.

   As discussed above, since the defendants' Motion for Summary Judgment was filed and fully briefed, new evidence has arisen, and discovery has already been reopened for limited purposes. Moreover, once review of the plaintiff's Objection to Magistrate Judge Knowles' November 17, 2015 Order is complete,© and the plaintiff's underlying Motion to Amend Scheduling Order and Allow Additional Discovery is decided, the parties will be given an opportunity to supplement their summary judgment briefing. The scheduling order is, therefore, already subject to modification. The court finds, therefore, that the dispute over the use of Ms. Lucia as a witness in this matter will be most fairly and most efficiently resolved not by excluding the Lucia Declaration, or by prohibiting Ms. Lucia to testify on the defendants' behalf

12

at trial, but, rather, by providing the plaintiff with an opportunity to gather evidence from Ms. Lucia before the summary judgment briefing is finalized. Accordingly, the court will order that the plaintiff be given a limited amount of time to conduct a deposition of Ms. Lucia or to ask Ms. Lucia for a statement or for answers to third-party interrogatories. The court will then incorporate into the revised scheduling order an opportunity for the parties to address any relevant evidence obtained from this limited additional discovery in their supplemental summary judgment briefing.

### B. *The Plaintiff's Request For Spoliation Sanctions*

The defendants were on notice from relatively soon after the plaintiff's termination that there would be legal proceedings in this matter and that text message communications, including those made on employees' personal phones, might contain information relevant to the subject matter at issue. The defendants, however, failed to take sufficient measures to preserve text messages on the accounts of principals and agents of MStreet and Virago from the critical time period when the plaintiff was employed at Virago and when she was terminated. The defendants argue that they were not responsible for the preservation of these text messages because 1) the private nature of text message communication outweighs any potential discovery of relevant evidence and 2) text messaging was not a primary means of communication for the defendants' business and, therefore, discovery of text messages is unlikely to lead to relevant evidence.

With respect to the defendants' privacy concerns, the court notes that there are many mechanisms that could have been employed during discovery to mitigate the production of private material, including protective orders, confidentiality agreements, privilege logs, and agreements between the parties to limit discovery requests to substantially relevant material only. Privacy concerns do not, however, override the defendants' initial burden to preserve potentially

13

relevant evidence. The duty to produce the evidence, and the steps that can be taken to protect any private material produced, can be determined later in the litigation process. Once the evidence has been lost, however, there is nothing that can be done. This not only obstructs the fact-finding process, but it also erodes the ability of the parties to effectively communicate and negotiate through the adversarial process. The defendants' argument that text messages are unlikely to contain relevant information is equally unsupported and belied by the defendants' own requests for the plaintiff to preserve text messages in discovery as well as by the business-related communications found in the very small number of Martino Messages already produced in full.

Accordingly, the court finds that the defendants should have preserved these messages, as was requested by the plaintiff during the discovery process, and that there is no justification for their failure to do so. As a result, the court will give a spoliation instruction to the jury, should this matter proceed to trial. In the interest of uncovering the truth, however, the court will not grant the plaintiff's request to prohibit the defendants from relying on the plaintiff's text messages in dispositive motions or at trial. Moreover, the plaintiff has provided no sufficient rationale for the court to order the defendants to be responsible for attorney's fees and costs associated with the extraction of the plaintiff's text messages, and the court finds that this sanction is not warranted.

## II. Objection to Magistrate Judge Knowles' November 17, 2015 Order

The court may only modify or set aside a Magistrate Judge's pretrial ruling on a non-dispositive matter if it is found to be clearly erroneous or contrary to law. Fed. R. Civ. P. Rule 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v.*

*Bessemer City, N.C.,* 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). A ruling is clearly erroneous, however, "where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.,* 944 F.2d 275, 281 (6th Cir.1991) (internal citations omitted).

The court will not disturb Magistrate Judge Knowles' finding that the parties agreed to use search terms to limit the production of all electronic discovery, including text messages, a finding that appears to be based on a thorough review of the voluminous record regarding these negotiations. The court does find, however, that it was clearly erroneous for Magistrate Judge Knowles to not give full consideration to the question of whether the limited production of the Martino Messages – showing that there were a number of messages sent within the critical time period between the plaintiff's June 21, 2013 email to Mr. Watkins and her termination that same day, as well as a general pattern of using text messages to discuss MStreet and Virago business affairs – might lead to the plaintiff's proper follow-up request, under Rule 26, for the additional production of the Martino Messages without redactions.

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The plaintiff has presented sufficient evidence to show that there is the potential for additional relevant evidence to be revealed within the redacted content of the Martino Messages already produced, at least for those that are dated from the time period during

15

which the plaintiff was employed at Virago or the days and weeks immediately following her termination, when the conflict giving rise to this action was unfolding.

The court finds no merit in the defendants' argument that the relevance of the evidence sought is not properly before the court simply because the plaintiff has not filed a motion to compel. As the plaintiff rightly notes in her Reply, the facts and arguments before the court are essentially identical to what would be contained in a motion to compel. The defendants have been unwilling to produce evidence that the plaintiffs have requested – an unredacted version of the Martino Messages already produced – or even to confirm that this evidence is not relevant to the litigation. The plaintiff has moved for the reopening of discovery with the express intent of seeking the discovery of this withheld information under Rule 26(b), and the parties have had a full opportunity to brief the merits of whether such discovery is permissible under Rule 26(b), in light of relevance as well as burden and privacy issues. The court will, therefore, treat this as a motion to compel. In addition to this request having the potential to reveal relevant evidence, the court notes that it would not be unduly burdensome to the defendants because there is a relatively limited volume of messages at issue, and the defendants have already compiled them and they have already been limited to the messages sent between Mr. Martino and the plaintiff or other MStreet managers.

Due to the privacy concerns raised by the defendants, the court finds that an *in camera* review of the unredacted versions of the already produced Martino Messages, dated through one month after the plaintiff's termination, or July 21, 2013, is appropriate. The court will therefore conduct this *in camera* review and determine if there are any relevant messages, not subject to privilege, that must be produced to the plaintiff prior to the final close of discovery and supplemental briefing on summary judgment.

## CONCLUSION

For the foregoing reasons, 1) the plaintiff's Motion to Exclude Evidence and For Sanctions will be granted with respect to the court's issuance of a spoliation instruction and denied with respect to the exclusion of the Lucia Declaration and 2) the plaintiff's Objection to Magistrate Judge Knowles' November 17, 2015 Order will be sustained and the court will conduct an *in camera* review of the Martino Messages as discussed herein and issue an updated Order regarding the plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery. The plaintiff will also be given an opportunity to conduct additional discovery with respect to Ms. Lucia.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge